IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN F. GILLIAM, JR.,

      Petitioner,

vs.                                                      Misc. No. 00-27 MV

UNITED STATES OF AMERICA,
and INTERNAL REVENUE SERVICE,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner's Petition to Quash Summons, filed November 20, 2000 **[Doc. No. 1]** and Respondent's Motion to Dismiss Petition to Quash Summons. Alternatively for Summary Judgment and to Enforce Summons, filed November 30, 2000 **[Doc. No. 3]**. The Court, having considered the parties' pleadings, the relevant law, and being otherwise fully informed, finds that the Petition to Quash Summons is not well-taken and will be **DENIED** and the Motion to Dismiss Petition to Quash Summons and to Enforce Summons is well-taken and will be **GRANTED**.

### FACTUAL BACKGROUND

Kathleen Roberts, a duly commissioned Revenue Agent of the Internal Revenue Service ("IRS"), was assigned to conduct an investigation for the purpose of producing for examination, books, papers, records, and other data in order to conduct an audit examination of the federal income tax liability of John F. Gilliam ("Petitioner") for taxable year 1999. As part of the

investigation, Agent Roberts issued an IRS attested summons to the Bank of America, formerly Nations Bank, requesting the bank to provide her with bank statements and deposit slips for any and all accounts held by Petitioner from January 1, 1999 through December 31, 1999.  On October 30, 2000, a copy of the summons was mailed via Certified Mail to Petitioner at his home.  Petitioner subsequently filed a *pro se* Petition to Quash Summons challenging the administrative procedure under which the summons was issued.  The Government subsequently filed the instant Motion to Dismiss Petition to Quash Summons and to Enforce Summons, or in the Alternative, for Summary Judgment.

## DISCUSSION

The Internal Revenue Service, as the delegate of the Secretary of the Treasury, has the authority to inquire into the payment of taxes.  26 U.S.C. § 7601(a); *Reisman v. Caplin*, 375 U.S. 440, 445 (1964).  The IRS may also issue a summons for the purpose of ascertaining the correctness of a return, determining a tax liability, collecting a liability, or inquiring into an offense under the Internal Revenue Code.  26 U.S.C. § 7602(a) & (b).

If a taxpayer wishes to prevent compliance with an IRS summons by a third-party recordkeeper, the taxpayer must begin a proceeding to quash the summons. 26 U.S.C. § 7609(b)(2)(A).  If a taxpayer moves to quash, the government may seek to compel compliance with the summons.  *Id.*  This Court has jurisdiction over a proceeding in which a taxpayer seeks to quash a summons issued to a person residing or found within this district.  26 U.S.C. § 7609(h)(1).

To obtain enforcement of a summons, the government must meet the standards set forth in

*United States v. Powell*, 379 U.S. 48, 57-58 (1964), by demonstrating that: (1) the investigation will be conducted for a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the material sought is not already within the government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *Id*. The government's burden under *Powell* is slight, and an affidavit from the IRS agent who issued the summons is generally sufficient to meet that burden. *See United States v. Balanced Fin. Management*, 769 F.2d 1440, 1443 (10th Cir. 1985).

Once the government establishes their *prima facie* case, the burden shifts to the petitioner to prove that enforcement of the summons would constitute an abuse of the court's process. "In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice." *Balanced Fin. Management*, 769 F.2d at 1444 (quoting *United States v. Garden State National Bank*, 607 F.2d 61, 71 (3d Cir. 1979)).

In this instance, the Government has provided an affidavit of Agent Roberts which is sufficient to satisfy its initial burden. The burden therefore shifts to Petitioner to make particularized allegations that the enforcement of the summons would constitute an abuse of the Court's process. Petitioner alleges that the summons should be quashed because the IRS did not operate in "good faith" or with "legitimate purpose" in issuing the summons. The IRS acts in bad faith if it issues the summons "to pressure the taxpayer to settle a collateral dispute, to harass the taxpayer, or to allow the Service to fulfill a commitment to gather information for other law enforcement agencies." *United States v. Scholbe*, 664 F.2d 1163, 1165 (10th Cir. 1981) (citations omitted). Petitioner has not put forth any evidence of bad faith, or that enforcement of

3

the summons would constitute an abuse of the Court's process. The Court finds that Petitioner has not met his burden.

Petitioner complains that the IRS did not respond to his letter dated February 20, 1998 requesting information on the applicable taxing statutes, thereby failing to provide him with proper notice of the applicable taxing authority and actual tax liability for 1999.  Petitioner also claims that this failure to provide him with the applicable taxing authority deprives the United States and the IRS of subject matter jurisdiction over this action.  Petitioner requests that the IRS be required to cite the correct taxing statute which gives rise to his tax liability.  Petitioner also challenges the ability of the United States to collect taxes.

Petitioner's contention that the United States does not have the power to collect taxes is wholly without merit.  *See* U.S. Const. Art. XVI.   Petitioner's other arguments are likewise without merit.  The fact that the IRS has not provided Petitioner the applicable taxing authority does not affect the IRS' ability to issue summonses.  The Tenth Circuit rejected a similar argument as Petitioner's in *United States v. Berney*, 713 F.2d 568 (10th Cir. 1983).  There, the Petitioners requested similar information as Petitioner, pursuant to the Privacy Act and Freedom of Information Act.  The Court held that the failure of the IRS to provide the petitioners with the requested information was not a defense to the summons enforcement proceedings.  *See id.* at 573.  Therefore, Petitioner's argument has been foreclosed by the Tenth Circuit and must be denied.

Essentially, Petitioner wants to know the taxing authority for the event that the IRS seeks to levy additional taxes against him for tax year 1999 and he wishes to challenge such an imposition.  However, a taxpayer cannot use a summons enforcement proceeding as a forum in

which to contest the validity of the underlying assessments. *See United States v. Heck*, 25 F.3d 1059 (1994) (Table) (citing *United States v. Mueller*, 930 F.2d 10, 12 (8th Cir.1991) (challenge to underlying assessments improper in hearing to enforce summons issued in aid of collection); *United States v. Harper,* 662 F.2d 335, 336 (5th Cir. 1981) ("The validity of an assessment may not be challenged in a summons enforcement proceeding.")).

When and if the time comes, there are specific procedures available if Petitioner wishes to test the validity of his tax liability. *See generally* 26 U.S.C. §§ 6213, 7422, 7429. Petitioner may request a refund once a levy has been imposed, but he generally may not restrain the collection of a tax in any court. Actions to enjoin collection of taxes are narrowly limited by the Anti-Injunction Act, 26 U.S.C. § 7421. The Anti-Injunction Act provides:

> Except as provided in section 6212(a) and (c), 6213(a), 6672(b), 6694(c) and 7426(a) and (b)(1) and 7429(b)), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured prompt collection of its lawful revenue." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). If the taxpayer fails to establish that his suit falls within one of the statutory or judicially created exceptions to the Act, then the district court lacks subject matter jurisdiction and must dismiss the complaint. *See Jensen v. IRS*, 835 F.2d 196, 198 (9th Cir. 1987).

The procedures by which the IRS may adjust or correct the tax liability reported by a taxpayer are set forth at 26 U.S.C. §§ 6212 and 6213. Section 6212 authorizes the IRS to mail a

taxpayer a notice of deficiency. 26 U.S.C. § 6212(a). Section 6213(a) provides that "no assessment of a deficiency...and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer...." 26 U.S.C. § 6213(a). After a notice of deficiency has been mailed, the IRS must refrain from further action for ninety days during which time the taxpayer is authorized to file a petition for a redetermination in the United States Tax Court. *Id.*

If Petitioner has simply made a mathematical or clerical error on his return, he will not be prosecuted for tax fraud. If the amount of taxes due exceeds the amount reflected on the taxpayer's return merely because of "a mathematical or clerical error appearing on the return," the IRS is not required to send a notice of deficiency prior to assessment of the deficient taxes. 26 U.S.C. § 6213(b)(1). Within sixty days after a notice of mathematical or clerical error is sent, the taxpayer may request an abatement of any assessment in the notice. 26 U.S.C. § 6213(b)(2)(B). The IRS may not commence a levy or court proceeding to collect the assessment during the sixty-day period in which the taxpayer is entitled to request an abatement. If the IRS denies the request for abatement, the IRS is then required to comply with the requirements of § 6213(a), including the requirement that the IRS mail the taxpayer a notice of deficiency prior to its assessment of additional tax and initiation of collection proceedings. *Id.*

While the Court sympathizes with the Petitioner that it is overwhelming not to understand our nation's complicated tax laws, Petitioner has nothing to fear yet. The IRS is simply gathering information in order to determine his tax liability. Petitioner's objections to the enforcement of the summons are not a basis to quash the summons. Petitioner's belief that administrative steps were not followed is based largely on Petitioner's misinterpretation of the applicable requirements

and statutes.  As no valid reason to quash the summons is provided, the petition will be denied. Conversely, the Government has established a *prima facie* case, unrebutted by Petitioner, for ordering compliance with the summons.

**IT IS THEREFORE ORDERED** that Petitioner John F. Gilliam's Petition to Quash Summons is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents United States of America and the Internal Revenue Service's Motion to Dismiss Petition to Quash Summons and to Enforce Summons, or in the Alternative, for Summary Judgment, filed November 30, 2000, will be **GRANTED**.  The summons shall be enforced.

Dated this 2nd day of July, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Petitioner
*Pro Se*

Attorney for Respondents
Cynthia Weisman